**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAMADOU BAKA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MOSHANNON VALLEY ICE PROCESSING CENTER,<br><br>Respondent. | ) | Case No. 3:26-cv-910<br>Judge Marilyn J. Horan |

**ORDER**

Presently before the Court is an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 22) and accompanying Memorandum (ECF No. 23) filed by Mamadou Baka ("Petitioner") and Respondent's Response (ECF No. 24). The amended petition is now fully briefed and ripe for disposition. Upon review of the parties' arguments, the Court will **DENY** the petition.

**Background:**

Petitioner, a native and citizen of France, is currently detained at Moshannon Valley Processing Center ("MVPC"), pending his removal pursuant to an April 22, 2026 removal order which "became administratively final on May 22, 2026." ECF No. 7, p. 1; ECF No. 22, p. 1, 4. He has been detained at MVPC since March 11, 2026. ECF No. 22, p. 2.

On May 14, 2026, Petitioner filed his initial habeas petition (ECF No. 1), to which Respondent filed an initial response on June 3, 2026 (ECF No. 7). Petitioner then filed a Reply (ECF No. 8), to which Respondent filed a sur-reply on June 25, 2026 (ECF No. 11). The petition then became ripe for disposition, but two weeks later, Petitioner filed a Motion for Leave to File

an Amended Habeas Petition (ECF No. 14). After reviewing the parties' filings and the proposed amended petition (ECF No. 19), the Court granted Petitioner leave to file the amended petition (ECF No. 21), which is the petition presently before the Court.

In this amended petition, Petitioner alleges that he is "being held at a detention center that is operating under an illegal contract," resulting in a violation of his Fourteenth Amendment rights; that ICE officers acted in violation of a City of Philadelphia ordinance by arresting him in a city courtroom; and that he is currently "detained in dehumanizing and inhumane conditions" at MVPC. ECF No. 22, p. 6; ECF No. 8, p. 2-6. As relief, Petitioner requests immediate release from detention and financial compensation under the Federal Tort Claims Act ("FTCA"). ECF No. 22, p. 7.

In turn, Respondent argues that the illegal contract claim and conditions of confinement claim are not cognizable in a habeas petition; that the city ordinance was not in effect at the time of Petitioner's detention; and that financial compensation under the FTCA is not available in a habeas petition. ECF No. 24, p. 2-3; ECF No. 7, p. 4-10; ECF No. 11, p. 3-7; ECF No. 20, p. 3-10.[1]

**Illegal Contracts:**

The Ninth Circuit Court of Appeals aptly described the history of the relationship between ICE and its contractors in *Geo Grp., Inc. v. Newsom*, 50 F.4th 745, 751 (9th Cir. 2022):

> Congress has directed federal officials to detain noncitizens in various circumstances during immigration proceedings. See 8 U.S.C. §§ 1225(b)(1)(B)(ii),

[1] The Court notes that Petitioner brought several other claims (such as lack of information regarding right to counsel, violation of ICE policy, and arrest without a warrant) and sought other forms of relief (such as invalidation of his removal order and extension of BIA appeal period) in various initial filings, but these claims and associated relief were not repeated in the Amended Habeas Petition and accompanying Memorandum. *See generally* ECF Nos. 22; 23. As such, the Court will not address either party's arguments with respect to any of these omitted claims.

> (b)(2)(A), 1226(a), (c)(1), 1231(a)(6). The Immigration and Nationality Act provides that the Secretary of the Department of Homeland Security (DHS) "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1); see also 6 U.S.C. § 557. Section 1231(g)(1) gives both "responsibility" and "broad discretion" to the Secretary "to choose the place of detention for deportable aliens." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1440 (9th Cir.), amended by 807 F.2d 769 (9th Cir. 1986).
>
> The Secretary also has general administrative powers to contract with private parties. The Secretary has "authority to make contracts . . . as may be necessary and proper to carry out the Secretary's responsibilities." 6 U.S.C. § 112(b)(2). Pursuant to federal procurement regulations, the Secretary has "authority and responsibility to contract for authorized supplies and services," and the Secretary "may . . . delegate broad authority to manage the agency's contracting functions to heads of such contracting activities." 48 C.F.R. § 1.601(a). ICE, a component of DHS, carries out immigration detention. As one option, ICE officials "may enter into contracts of up to fifteen years' duration for detention or incarceration space or facilities, including related services." 48 C.F.R. § 3017.204-90.
>
> A few practical and legal constraints inform ICE's detention decisions. Congress has expressed that the Secretary should favor the use of existing facilities for immigration detention, whether through purchase or lease. 8 U.S.C. § 1231(g)(1)-(2). And there are "significant fluctuations in the number and location" of detained individuals, requiring ICE to "maintain flexibility."
>
> For these reasons, ICE does not build or operate its own detention facilities. Instead, ICE contracts out its detention responsibilities to (1) private contractors, who run facilities owned either by the contractor or the federal government, and (2) local, state, or other federal agencies.

Here, Petitioner asserts that the contract between the GEO Group, which operates MVPC, and Clearfield County and the contract between ICE and Clearfield County were unlawfully amended under state and federal law. ECF No. 23, p. 2-5. As part of this claim, he argues that the Clearfield County officials are state officials who contracted "illegally with respect to deprivation of the liberty of [MVPC] detainees[.]" *Id.* at 4. Yet claims against officials under the "FTCA, section 1983, and *Bivens* are separate causes of action that fall outside the scope of a § 2241 habeas petition" (*Nunez v. Sage*, No. 3:26-cv-2083, 2026 WL 2620572, at *4 (M.D. Pa. Sep. 4, 2026)),

and Petitioner offers no case law to distinguish his illegal contract claim from these nonreviewable separate causes of action. *See generally* ECF Nos. 22; 23.[2]

**Conditions of Confinement:**

Petitioner's conditions of confinement claim fails for a similar reason, as it is also not cognizable in a habeas petition. *See Silva v. Soto*, No. CV 25-16577, 2025 WL 3485658, at *6 (D.N.J. Dec. 4, 2025) ("Consistent with *Cardona v. Bledsoe*, 681 F.3d 533, 535-536 (3d Cir. 2012), claims seeking relief from general conditions of confinement, as opposed to the fact or duration of custody, are not cognizable under § 2241."); *Javokhir v. AG of the U.S.*, No. 26-1314, 2026 WL 2434667, at *1 (W.D. Pa. Aug. 19, 2026) ("A habeas petition can be used only to challenge the legality or the duration of detention; the proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action under § 1983, after any available administrative remedies have been exhausted.").

**Unlawful Arrest:**

Petitioner also asks the Court to review whether his arrest and subsequent detention were unlawful underneath a City of Philadelphia ordinance. *See* ECF No. 23, p. 5-6. This city ordinance, Bill No. 260061, "prohibits immigration enforcement officers from using city property as 'a

[2] The Court also notes that the lawfulness of the facility's amended contracts does not affect the lawfulness of Petitioner's detention itself because, as an individual with a final removal order, Petitioner is properly detained under § 1231 and can be held in any detention facility in the United States. *See Calla-Collado v. Attorney Gen. of the U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings… and therefore, to transfer aliens from one detention center to another.'"). As such, even if the Court had the ability in habeas to determine that these contracts were unlawfully amended, Petitioner's relief would not be release, but rather transfer to another facility (and under § 1231, this Court lacks authority to order Petitioner's transfer to another facility).

staging area, processing location, or operations base for civil immigration enforcement.'" *See* ECF No. 23, p. 5; ECF No. 23-2.

However, Petitioner's detention cannot be in violation of a local law that did not exist at the time of his detention. This City of Philadelphia ordinance only became law on May 7, 2026, and was not effective until July 7, 2026 (*see* ECF No. 20, p. 7; ECF No. 8, p. 3), but Petitioner was detained on March 11, 2026. ECF No. 22, p. 2.

**Conclusion:**

Therefore, based upon the foregoing reasons, the Court finds that all of Petitioner's claims are without merit; and thus, must deny the Amended Petition for Writ of Habeas Corpus, ECF No. 22. Further, because the Court finds against Petitioner, fees will not be awarded.

**AND NOW** this 29th day of September 2026, it is hereby **ORDERED** as follows:

1. The Amended Petition for Writ of Habeas Corpus, ECF No. 22, is **DENIED** without prejudice;
2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED: September 29, 2026

Marilyn J. Horan
United States District Court Judge